IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIANNE CHISENALL | ) | |
|     Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| JP MORGAN CHASE & CO., and | ) | **TRIAL BY JURY** |
| CHASE BANK | ) | |
|     Defendants. | ) | |

## COMPLAINT

Plaintiff, DIANNE CHISENALL, by her attorneys, KIMBERLY A. CARR and ERIN BUCK KAISER of BEST, VANDERLAAN & HARRINGTON, and in complaining of Defendants, JP MORGAN CHASE & CO., and CHASE BANK (collectively hereafter referred to as "Defendants" or "CHASE,") states as follows:

### NATURE OF CLAIM

1. This is an action seeking redress for discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*, and discrimination in violation of Title VII, as amended by the Civil Rights Act of 1991, including discrimination based on sex, female, 42 U.S.C. § 2000e-2(a).

### JURISDICTION AND VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343(a)(3) and (4) and 28 U.S.C. §1331.

3. Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C. §1391(b), as Plaintiff's causes of action arose herein.

1

## PARTIES

4. Plaintiff DIANNE CHISENALL (hereinafter "CHISENALL" or "Plaintiff,") is a female citizen of the United States, over the age of 40 and currently is a resident of Joliet, Illinois.

5. CHISENALL was at all relevant times an employee of Defendant, JP MORGAN CHASE & CO., and at all relevant times worked for the Defendant in the State of Illinois under its authority and control. JP MORGAN CHASE & CO. is a corporation doing business in Illinois, with its headquarters at 10 South Dearborn Street, Chicago, Illinois 60603.

6. CHISENALL was at all relevant times an employee of Defendant, CHASE BANK, and at all relevant times worked for the Defendant in the State of Illinois under its authority and control. CHASE BANK, is a corporation doing business at 601 North Illinois Street, Plainfield, Illinois 60544.

## PROCEDURAL REQUIREMENTS

7. CHISENALL has fulfilled all conditions precedent to the institution of this action, under Title VII, as amended by the Civil Rights Act of 1991 and the Age Discrimination in employment Act. She timely filed a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission and has received a Right to Sue letter. The Right to Sue letter is attached hereto and made part hereof as Exhibit "A."

## FACTUAL BACKGROUND

8. Plaintiff, a female who is over the age of 40, was employed with Defendants from September 1987 until February 23, 2007. Defendants were qualified employers under the ADEA and Title VII, and at all relevant times they employed in excess of twenty (20) employees.

9. At all times throughout the course of her employment, Plaintiff was qualified for her positions, and performed her job to the expectation of her employers and beyond.

10. Plaintiff was an employee of Defendants beginning on September 10, 1987 in the position of bank teller for Chase Bank in Joliet, Illinois. CHISENALL was eventually promoted to Teller Manager on or about June 26, 1991, was further promoted to Assistant Manager on August 5, 2002, and was finally promoted to Assistant Manager of the Plainfield branch on or about July 12, 2004.

11. Approximately one year prior to her termination, a new branch manager, Jose Ventura, was hired and appointed to CHISENALL's work location as her supervisor. Ventura was substantially younger than Plaintiff and a male.

12. Plaintiff's branch manager immediately began treating her differently than other similarly situated employees of the branch due to her sex and age, including, but not limited to setting different policy and discipline standards and work expectations, rudeness, hostility, and asking when she was going to retire and stating that older workers needed to retire. These actions created a hostile working environment for CHISENALL.

13. Plaintiff's employment with Defendants was terminated on February 23, 2007 by her manager, Jose Ventura, for pretextual reasons.

14. After Plaintiff's termination, she was replaced with a younger male who was lesser qualified for the position than Plaintiff.

**COUNT I**
**AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")**

15. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 14 as this paragraph 15 as if though fully set forth herein.

16. Plaintiff has a federally protected right to equal treatment in the workplace.

17. At the time Plaintiff's employment with Defendants was terminated, Plaintiff was fifty-five (55) years old.

18. Defendants' adverse treatment of Plaintiff, including but not limited to Plaintiff's termination, was because of her age and any proffered reason to the contrary by Defendants is pretext for unlawful discrimination.

19. The reasons given for Defendants' adverse actions are a pretext for age discrimination, in that Plaintiff would not have been treated differently or terminated, nor would she have suffered a hostile working environment but for Defendants' motive to discriminate against Plaintiff due to her age.

20. By the above actions, but not limited to the same, Defendants discriminated against CHISENALL in the terms, conditions and privileges of employment because of her age, in violation of the ADEA, and treated younger employees more favorably. Any alleged reasons given to the contrary are pretextual.

21. By the above actions, but not limited to the same, Defendants took adverse employment actions against Plaintiff, which seriously affected her physical and psychological well-being, and caused her to suffer significant damages.

22. Defendants' wrongful acts, individually and/or by and through their agents, were intentional, willful and wanton, and in total disregard and reckless indifference to Plaintiff's rights under the ADEA.

23. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, damage to reputation, attorneys' fees, costs and other damages

allowable under the ADEA.

24. The above-mentioned acts of Defendants, individually and through their agents, were willful, wanton, malicious and oppressive and justify the awarding of exemplary or liquidated damages.

WHEREFORE, Plaintiff, DIANNE CHISENALL, respectfully requests judgment against Defendants, JP MORGAN CHASE & CO. and CHASE BANK, in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the Age Discrimination in Employment Act, and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, damage to reputation, reasonable attorneys' fees, liquidated damages and prejudgment interest, as well as any other further relief allowable under the ADEA, as the Court deems just and appropriate.

## COUNT II
## SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII

25. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 24 as this paragraph 25 as if though fully set forth herein.

26. The foregoing adverse employment actions were taken against Plaintiff because of her sex, female, in violation of Title VII, 42 U.S.C. §2000e-2 *et. seq*. Other similarly situated male employees were treated more favorably.

27. Defendants, by and through their agents, engaged in the above acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

28. Defendants' wrongful acts, by and through its agents, were deliberate, intentional, willful and wanton and in total disregard for Plaintiff's civil rights.

29.     As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; damage to reputation; attorneys fees, costs and other damages allowed under Title VII.

WHEREFORE, Plaintiff, DIANNE CHISENALL, respectfully requests judgment against Defendant, JP MORGAN CHASE & CO. and CHASE BANK, in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under Title VII and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, expense of litigation, expert witness fees, reasonable attorneys' fees, compensatory damages, punitive damages, and prejudgment interest, as well as any other further relief the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                              Respectfully Submitted,
                                              **DIANNE CHISENALL**

                                              */s/ Kimberly A. Carr*
                                              One of Her Attorneys

Kimberly A. Carr
Erin Buck Kaiser
**BEST, VANDERLAAN & HARRINGTON**
12 West Cass Street
Joliet, IL 60432-4292
815.740.1500
815.740.6304 (facsimile)
kcarr@bestfirm.com
ekaiser@bestfirm.com

# **EXHIBIT A**

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Diane Chisenall<br>1118 Ingalls Avenue<br>Unit 1<br>Joliet, IL 60435 | From: Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

CERTIFIED MAIL 7099 3400 0018 8815 1235

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-05360 | **Jose Romo,**<br>**Investigator** | (312) 353-8175 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]* John P. Rowe      6-19-08

Enclosures(s)      John P. Rowe,    (Date Mailed)
District Director

cc: **JP MORGAN CHASE & COMPANY**