# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIANE CHISENALL, ) | |
| Plaintiff, ) | |
| ) | No. 08 CV 4911 |
| v. ) | Judge Blanche M. Manning |
| ) | |
| JP MORGAN CHASE & CO. and ) | |
| CHASE BANK, N.A., ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Diane Chisenall was fired from her job as an assistant branch manager for Chase Bank just months shy of her 20th anniversary with the bank. Chase told Chisenall it fired her because she had violated bank policies, but Chisenall contends that Chase actually fired her because of her age and sex. She has sued Chase under both Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e, *et seq.*, as well as the Age Discrimination in Employment Act, *see* 29 U.S.C. § 621, *et seq*. Chase has moved for summary judgment but, for the reasons stated below, its motion is denied.

## BACKGROUND

The following facts are undisputed except where noted. Diane Chisenall began working for what is now known as Chase Bank in September 1987. She started as a teller and, after a series of promotions, became the assistant branch manager of Chase's branch bank in Plainfield, Illinois, in July 2004. Her duties included managing the teller staff, balancing the branch's vault, overriding transactions when necessary, conducting audits, and reconciling errors. As assistant branch manager, Chisenall's immediate supervisor was Plainfield's branch manager. As of October 2005, the Plainfield branch manager was Jose Ventura.

Some time after Ventura was named branch manager, Chisenall complained to Ventura's supervisor, district manager Mary Jo Adamis, that Ventura was second-guessing her, not listening to her, and made her feel like he did not want her at the branch. Chisenall also contends that Ventura told her that he wanted her gone and asked when she was going to retire, although Ventura denies making those comments. In response to Chisenall's complaints, Adamis called Chisenall and Ventura together for a meeting. After the meeting, Ventura included Chisenall in more of the decision-making that involved branch tellers, but according to Chisenall he "still used the same tone with her." (Response to Rule 56.1 Statements [45-1] at 6).

The events that immediately preceded Chisenall's termination began on Tuesday, February 6, 2007. On that date, Chisenall worked as a teller and engaged in a buy/sell coin transaction with another teller, Priscilla Juskevice, in which Juskevice exchanged $110 in cash from her drawer for $110 in rolled coins from Chisenall's drawer. Normally Chisenall and Juskevice would record such transactions on notepaper next to their drawers and use the notepaper to balance their cash drawers at the end of their shift. But apparently Juskevice forgot to account for the transaction on her notepaper, which first came to light at the close of business when Juskevice's cash drawer was out of balance. The practice of tracking a drawer's balance on notepaper and entering the tally into Chase's electronic banking system at the end of the workday is inconsistent with Chase's written Balancing Teller/Vault Cash policies, which requires that cash and coins in tellers' cash drawers be either hand or machine counted at the end of their working day. *See* Balancing Teller/Vault Cash Policies (Appendix to Rule 56.1 Statements [43-1] at A0168).

Juskevice and branch employee Leonardo Ibarra discovered the discrepancy in Juskevice's drawer after Chisenall had completed her shift and returned home. Ibarra called Chisenall at home to report the discrepancy. Chisenall gave Ibarra her managerial password to Chase's electronic banking system to Ibarra so that he could override the discrepancy in order to close the branch for the night, even though he was not a manager. Chisenall did not return to the branch that evening.

The next morning, Juskevice told Ventura about the discrepancy in her drawer the night before as a result of the buy/sell coin transaction with Chisenall. After speaking with Juskevice, Ventura audited Chisenall's drawer and discovered a discrepancy similar to the one in Juskevice's drawer. Upon discovering the discrepancy in Chisenall's drawer, Ventura consulted with Becky Soviak, the district manager of a neighboring district who was covering for Mary Jo Adamis, and Pamela Mayer, with Chase's human resources department. Ventura and Soviak then met with Chisenall, who admitted that she kept track of the cash and coins in her drawer using notepaper and alleged that other tellers did the same thing.

Upon hearing Chisenall's story, either Ventura or Soviak alerted Chase's Fraud Prevention & Investigation department. Senior investigator Peter Maydenoff interviewed Chisenall and some of the other employees at the Plainfield branch, and also required Chisenall and others to provide written statements about their practices. Chisenall admitted in her written statement that "instead of counting my cash correctly, I took totals from my count on paper, and just plugged things in not realizing I was out of balance." Chisenall Statement (Appendix to Rule 56.1 Statements [43-1] at A0172). She also admitted sharing her Chase electronic banking password with others on two occasions.

Chisenall was terminated effective February 23, 2007. According to Chase, Ventura, Adamis and Mayer each reviewed and approved Chisenall's termination, but Chisenall contends that the decision was Ventura's alone and that Adamis and Mayer only reviewed Ventura's recommendation. Nearly two weeks later on March 7, 2007, Ventura completed a Recommendation for Termination form in which the reason he gave for her termination was "force-balancing." Specifically, Ventura claimed that Chisenall had failed to count her cash drawer at the end of her shift and, instead, plugged into Chase's electronic banking system the numbers she had tallied throughout her shift on her notepaper. According to the Recommendation for Termination, Chisenall also gave her electronic banking system password over the phone to fellow employees on two occasions so that the employees could perform an override. But the parties dispute whether the reason Chase gave for terminating Chisenall was solely for force-balancing, or whether it was the combination of force-balancing and sharing her password.

At the time of her termination Chisenall was 54. Ventura was 32. Chisenall's position was filled by Ryan Fortini, who was 24. The only other employee Ventura has fired was Priscilla Juskevice, whom Ventura terminated just a few months after he terminated Chisenall. Juskevice was terminated for allegedly leaving her cash drawer out in the open a second time, and was over 50 years old at the time.

Chisenall filed a charge of discrimination with the EEOC on May 25, 2007, alleging both age and sex discrimination. She received a right-to-sue letter on June 19, 2008, and filed the instant suit on August 27, 2008.

Chase has filed a motion for summary judgment on Chisenall's entire complaint. In its motion, Chase contends that it is entitled to summary judgment because Chisenall (1) has no evidence to show discrimination under the direct method, (2) cannot show that she was meeting Chase's legitimate employment expectations or was treated less favorably than similarly-situated employees outside her protected class and, therefore, cannot establish a *prima facie* case of discrimination under the indirect method, (3) cannot show that Chase's proffered legitimate reasons for terminating her were pretextual, and (4) cannot show that her age was the "but for" cause of her termination.

## ANALYSIS

### I. Summary Judgment Standard

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact." Fed. R. Civ. P. 56(c). The court construes all of the facts and the reasonable inferences drawn from those facts in favor of the nonmovant. *See Warren v. Solo Cup Co.*, 516 F.3d 627, 629 (7th Cir. 2008). The nonmovant, however, may not merely rest upon the allegations or details in their pleadings, but instead, must set forth specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322.

### II. Direct Method

The first basis on which Chase seeks summary judgment is Chisenall's failure to establish a claim of discrimination under the direct method with either direct evidence of discrimination (evidence that proves a fact without reliance upon inference or presumption), or by constructing a

convincing mosaic of circumstantial evidence that gives rise to an inference of discrimination. *See Petts v. Rockledge Furniture LLC*, 534 F.3d 715, 720 (7th Cir. 2008).

Chisenall developed no argument in response Chase's contention that she lacks evidence of discrimination under the direct method. Accordingly, the court will not address any further whether Chisenall can establish a claim of discrimination under the direct method. *See Jarrad v. CDI Telecommunications, Inc.*, 408 F.3d 905, 916 (7th Cir. 2005) (undeveloped arguments unsupported by citations to authority are forfeited).

### III. Indirect Method

Next, Chase contends that it is entitled to summary judgment because Chisenall cannot establish discrimination under the indirect method as set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish discrimination under the indirect method, the plaintiff must first establish a *prima facie* case of discrimination. A *prima facie* case of sex discrimination consists of evidence that (1) the plaintiff belongs to a protected class, (2) she met her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) her employer treated similarly-situated male employees more favorably. *See Peirick v. Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 687 (7th Cir. 2007). The requirements of establishing a *prima facie* case of age discrimination are virtually identical except that the employee may also satisfy the fourth prong by showing that she was replaced by an employee at least 10 years younger than her. *See EEOC v. Bd. of Regents of the Univ. of Wisconsin Sys.*, 288 F.3d 296, 302 (7th Cir. 2002).

If Chisenall succeeds in establishing a *prima facie* case of discrimination, the burden then shifts to Chase to articulate a legitimate, nondiscriminatory reason for the adverse employment

action. *See Peirick*, 510 F.3d at 687. If Chase succeeds, then Chisenall must establish that the employer's legitimate, nondiscriminatory reason was merely a pretext for discrimination. *Id.*

      A.     *Prima Facie* **Case**

Chase argues that Chisenall cannot establish two of the four prongs of a *prima facie* case of either sex or age discrimination. Specifically, it contends that she cannot establish the second prong because she cannot show that she was meeting Chase's legitimate employment expectations. It contends that she also cannot establish the fourth prong because she cannot show that similarly-situated employees outside her protected class were treated more favorably. Where, as here, a plaintiff contends that other employees engaged in the same conduct as she did but were not disciplined, the second and fourth prongs merge and the plaintiff establishes a *prima facie* case by showing that employees outside her protected class were disciplined less harshly than she was. *See Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 592 (7th Cir. 2008).

The court must first identify the legitimate employment expectation that Chase contends Chisenall failed to meet. According to Chase, Chisenall disregarded Chase written policies that require tellers to either hand or machine count their cash drawers at the end of their working day and require them to maintain the confidentiality of their electronic banking passwords. In support, Chase relies upon Chisenall's written admission dated February 6, 2007, that she had not counted her cash correctly at the end of her workday and, instead, took totals from her notepaper and "just plugged things in." In that same written statement, Chisenall also admitted that she gave out her password so that another employee could perform an override in order to close the branch for the day.

Chisenall responds that Chase did not uniformly enforce its written policy of requiring that cash drawers be hand or machine counted. She states that she worked as a teller for several different branch managers over the years and under each it was the custom and practice for tellers like her to "keep track of rolled coins on a piece of paper to speed up end of day closing procedures." Affidavit of Diane Chisenall (attached as Ex. B to Addendum to Plaintiff's Statements of Material Facts [47-2]) ¶ 4. She also points to evidence that other tellers, such as Mamta Patel and Maria Roccaforte, engaged in the same practice of tracking their rolled coins on notepaper to speed up balancing their drawer at the end of their workday. Patel and Roccaforte were not disciplined for their conduct, even though Chase learned of it prior to terminating Chisenall for the same alleged offense. At the time, Patel was 25 and Roccaforte was 45, and were therefore both notably younger than Chisenall.

Chase contends that Patel and Roccaforte were not similarly-situated to Chisenall because they were non-management employees, and therefore the fact that they were not terminated is irrelevant. However, Chase itself contends that force-balancing is always a terminable offense. *See* Memorandum In Support of Motion for Summary Judgment [42-1] at 14 ("'the results or outcome of force balance is always termination.'") (quoting Chase fraud investigator Peter Naydenoff). Thus, according to Chase's own reasoning, whether an employee is management or non-management is a distinction without a difference when it comes to force-balancing, and is thus not a reason to conclude that employees are not similarly-situated.

Chisenall has identified evidence that younger employees who committed the same infractions that she allegedly committed did not suffer the adverse employment action that she did. Accordingly, she has established a *prima facie* case of age discrimination.

As for her claim of sex discrimination, Chisenall has identified evidence that a male manager shared his password with a non-management employee, but that Adamis and Mayer decided not to fire him even though they joined in the decision to fire Chisenall, in part, for the same offense. Because Chisenall has identified a manager outside her protected class who committed the same infraction she allegedly committed but was not terminated, she has established a *prima facie* case of sex discrimination.

### B. Pretext for Discrimination

Next, Chase argues that Chisenall cannot show that its proffered reasons for terminating her—force-balancing and sharing her password—were merely pretexts for sex and age discrimination. Pretext is "a dishonest explanation, a lie rather than an oddity or an error." *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 642 (7th Cir. 2008) (internal quotation marks and citation omitted). To show pretext, a plaintiff must identify evidence that her employer's explanation for the adverse employment action is "unworthy of credence." *Id.* (internal quotation marks and citation omitted). Evidence that Chase did not fire employees outside her protected class even though they allegedly engaged in conduct similar to hers is evidence not only establishing her *prima facie* case, but also evidence of Chase's pretext. *See Essex v. United Parcel Service, Inc.*, 111 F.3d 1304, 1311 (7th Cir. 1997) ("A plaintiff may establish pretext by offering evidence that other similarly situated employees were treated more favorably.").

As detailed above, younger tellers kept their jobs even though they had allegedly engaged in conduct similar to Chisenall's alleged force-balancing. Additionally, a male manager who allegedly shared his password also kept his job. Chase's more favorable treatment of employees

who were either younger or male is evidence that its stated reason for firing Chisenall was merely pretext for discrimination. *Id.*

Chisenall has also identified evidence that Ventura has fired only two employees, both women in their mid-50's, and that Chisenall was replaced by a 24-year-old man. When combined with evidence that Ventura allegedly told Chisenall that he wanted her gone and asked her when she was going to retire, Chisenall has met her burden of identifying evidence that her age was the real reason behind her termination. *See Olson v. Northern FS, Inc.*, 387 F.3d 632, 635-36 (7th Cir. 2004) (evidence that employer replaced an older employee with a younger employee supports employee's claim that he was fired because of his age).

In summary, Chisenall has identified evidence that other employees violated the same Chase policies she allegedly violated, but only she was terminated for the violations. As a result, she has satisfied her burden of producing evidence of pretext, *i.e.*, that Chase fired her not for violating its policies but, rather, because of her age and/or sex.

## IV. "But For" Causation

Finally, Chase argues that it is entitled to summary judgment because Chisenall cannot show that age was the only reason for her termination. *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009) (unlike mixed-motives claims under Title VII or the ADA, age discrimination claims under the ADEA requires "but for" causation). In support, Chase argues that because Chisenall has no evidence that age factored into the decision to terminate her, she cannot show that age was the only reason for her termination.

However, the court has already determined that Chisenall has identified evidence to support her claim of age discrimination. Therefore, Chase's argument that it is entitled to summary judgment based upon a lack of evidence of age discrimination is unavailing.

**PLAINTIFF'S MOTION TO STRIKE and MOTION TO GRANT THE RELIEF SOUGHT IN THE MOTION TO STRIKE**

The court now turns to two motions filed by Chisenall. In the first, she asks the court to strike declarations provided by Chase in support of its motion for summary judgment. In the second, she asks the court to grant the relief she sought in the motion to strike.

Because the court has already concluded that Chase is not entitled to summary judgment, it need not address whether declarations supported in support of the motion for summary judgment should be stricken.

Accordingly, the motion to strike and the motion to grant the motion to strike are denied as moot.

**PLAINTIFF'S MOTION TO FILE A MOTION FOR SUMMARY JUDGMENT AS ALTERNATIVE RELIEF**

Finally, the court addresses a motion filed by Chisenall entitled "Plaintiff's Motion for Leave to File a Motion for Summary Judgment, or in the Alternative, For an Order Denying Defendant's Motion for Summary Judgment Based Upon Judicial Admissions," dated October 26, 2009. The court notes first that Chisenall filed her motion out of turn by filing it (1) well beyond the August 3, 2009, deadline to file a motion for summary judgment, and (2) without first conferring with opposing counsel as required under this Court's standing order.

In any event, the motion for leave is denied. Because the court has already denied Chase's motion for summary judgment, her request for leave to file a motion for summary

judgment—made in the alternative to her request that the court deny Chase's motion for summary judgment—is moot.

## CONCLUSION

Chisenall has satisfied her burdens under the indirect method of establishing sex and age discrimination. Accordingly, the defendant's motion for summary judgment [40-1] is denied. The plaintiff's motions to strike declarations filed by the defendant [37-1], to grant the relief sought in the motion to strike [56-1], and for leave to file a motion for summary judgment as alternative relief [55-1] are denied as moot. The parties shall report for a status hearing on April 8, 2010, at 11:00 a.m. to, among other things, set a firm date for trial.

ENTER:

DATE: March 29, 2010                    *Blanche M. Manning*
                                         Blanche M. Manning
                                         United States District Judge